IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SEAN BRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 126-127 |
| | ) | |
| CAPITAL ONE BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). (See doc. nos. 1, 2.) However, upon review of the IFP motion, the Court concludes Plaintiff has sufficient funds to pay the $405 filing fee. (See doc. no. 2.)

In his IFP motion, Plaintiff states he received on average $3,500 a month in income during the past twelve months from self-employment and expects to receive $3,400 in income next month. (Id. at 1.) He also reports his spouse is employed as a private nurse and received on average $2,000 in income over the past twelve months, and his spouse expects to receive this same amount next month.[1] (Id.) Plaintiff further provides he and his spouse have $300 in cash, and he has $600 in a savings account and his spouse has $1,500. (Id. at 2.) Under the

[1] Under another section inquiring about his spouse's employment history, Plaintiff wrote that his spouse receives $3,000 in gross monthly pay. (Doc. no. 2, p. 2.) Thus, there is a $1,000 difference between the numbers Plaintiff provided for his spouse's income on different form questions. Nonetheless, this discrepancy need not delay the Court because even accepting the lower $2,000 figure provided, the Court concludes Plaintiff has sufficient funds to pay the filing fee.

section about assets owned, Plaintiff reports he owns a home valued at $150,000. (Id. at 3.) Plaintiff also disclosed having two daughters who rely on him for financial support. (Id.) For his average monthly expenses, Plaintiff lists payments for a mortgage, utilities, and a motor vehicle, which combined equal $3,080. (Id. at 4-5.) For his spouse's average monthly expenses, Plaintiff lists payments for food, laundry, medical and dental, and transportation, which together equal $800. (Id.) Finally, Plaintiff explains that because he is a self-employed independent contractor, his income fluctuates, and therefore payment of the filing fee would "create a financial hardship and impair [his] ability to meet necessary household obligations." (Id. at 5.)

Leave to proceed IFP is discretionary with the Court, and that discretion is to be exercised so as not to deny a party access to the courts solely on account of financial standing. See Denton v. Hernandez, 504 U.S. 25, 31 (1992). Although poverty sufficient to qualify under 28 U.S.C. § 1915 does not require penniless destitution, proceeding IFP is a *privilege*, not a right. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 (1993). Indeed, "courts should grant the privilege 'sparingly' in civil cases for damages." Thomas v. Sec'y of Dep't of Veterans Affs., 358 F. App'x 115, 116 (11th Cir. 2009) (*per curiam*) (citation omitted).

Here, although the Court appreciates the financial stresses that can accompany self-employment, having considered the financial information in the record, it appears Plaintiff has sufficient ability to pay the $405 filing fee. Plaintiff and his spouse have a combined total income of $5,400 a month, and their combined monthly expenses equal $3,880 a month, thus leaving $1,520 in discretionary income available each month. (Doc. no. 2, pp. 4-5.) Notably, the 2026 Federal Poverty Guideline for a four-person household is $33,000 annually. See

https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines/prior-hhs-poverty-guidelines-federal-register-references (last visited July 15, 2026). When combined with his spouse's income, Plaintiff's household income is approximately $64,800, which is almost double the national poverty level. Further, even excluding consideration of Plaintiff's spouse's income, Plaintiff's individual annual income, calculated to be approximately $40,800, exceeds $33,000. Likewise, Plaintiff individually has $320 in available income remaining each month after subtracting his expenses from his income, and he reports having $600 in his savings account and $300 in cash. (Id. at 2, 4-5.) These numbers demonstrate he has available funds to pay the $405 filing fee.

In sum, having carefully considered Plaintiff's financial information, including his average monthly income of approximately $3,400, available discretionary income, and available money in a savings account and in cash, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion to proceed IFP be **DENIED**, (doc. no. 2), and Plaintiff be **DIRECTED** to pay the full filing fee if he intends to pursue his case. Should the District Judge adopt this recommendation and Plaintiff fail to pay the filing fee within twenty-one days after that final action, the case should be **DISMISSED** without prejudice and **CLOSED**. Of course, Plaintiff may choose to pay the $405 filing fee now, and the case will proceed without further delay.

SO REPORTED and RECOMMENDED this 15th day of July, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA